# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd St. Suite 4510                          Telephone: (212) 317-1200
New York, New York 10165                         Facsimile: (212) 317-1620

jandrophy@faillacelaw.com

November 22, 2017

**BY ECF AND EMAIL**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
40 Centre Street
New York, NY 10007

             Re:      Espinobarros v. First & First Finest Deli Corp. et al . 17-cv-5587 (KPF)

Dear Judge Failla:

     This office represents Plaintiff Paulino Espinobarros in the above referenced matter. The parties, pursuant to Your Honor's Order dated August 14, 2017, and in anticipation of the conference scheduled for November 30, 2017 at 3:00 p.m., submits this joint letter.

### I.     Brief Factual Description of Action and Legal Basis for Claims

     Plaintiff was employed by Defendants, ostensibly as a delivery worker at a deli located in New York, New York. Plaintiff alleges he worked punishing hours; from May 2014 until July 18, 2017, Plaintiff worked from 7:00 a.m. to 7:00 p.m. six days per week (72 hours), except that in December through February each year he worked that same daily schedule seven days per week (84 hours). Plaintiff was paid a fixed salary of $550 per week throughout his employment.

     The compensation provided by Defendants to Plaintiff failed to abide by minimum wage and overtime requirements under the Fair Labor Standards Act of 1938 (the "FLSA"). Defendants also failed to heed their legal responsibilities under the New York Labor Law (the "NYLL"). Plaintiff alleges he was not paid spread of hours pay when he regularly worked more than ten hours in a day, nor was he provided required annual wage information statement and weekly wage statements under NYLL §195. Accordingly, Plaintiff brings this action to recover overtime wages, spread of hours pay, liquidated damages, interest, attorneys fees, and costs pursuant to the FLSA, 29 U.S.C. 201 *et seq.*, the New York Minimum Wage Act, NYLL 650 *et seq.*, and the spread of hours wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, 146-1.6 (herein the Spread of Hours Wage Order).

### II.     Jurisdictional Basis of Action

     Plaintiff alleges that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*

("FLSA"), and supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a). The Plaintiff in this case is a covered employee as defined by the FLSA, and the Defendants do engage in interstate commerce. Plaintiff also alleges Defendants have a gross volume of sales made or business done that exceeds $500,000.00 per year.

### III.     Existing Deadlines

There are no current deadlines in this action.

### IV.     Outstanding Motions

There are no outstanding motions.

### V.      Discovery

No discovery has taken place. Discovery into any records of Plaintiff's dates and hours worked, and pay received, will be helpful for engaging in meaningful settlement discussions.

### VI.     Status of Settlement Discussions

Plaintiff has provided Defendants with an initial damage calculation and demand.

Respectfully Submitted,

/s/Joshua S. Androphy_____
Joshua S. Androphy
*Michael Faillace & Associates, P.C.*
Attorneys for Plaintiffs