**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
PAULINO ESPINOBARROS (A.K.A PABLO),

                                                      Docket No.: **17-cv-5587 (KPF)**

Plaintiff,

-against-

FIRST & FIRST FINEST DELI CORP. (d/b/a FIRST & FIRST FINEST DELI), FOOD U DESIRE 3, CORP. (d/b/a FIRST AND FIRST FINEST DELI), ADEEB GHANA, ABU MUBAREZ, OTHMAN MUBAREZ, and YOUNES MUBAREZ

                              *Defendants.*
-------------------------------------------------------X


## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE

## TO PRECLUDE DISCUSSION OF UNREALTED CASE


                                                   MICHAEL FAILLACE & ASSOCIATES, P.C.
                                                   Joshua S. Androphy
                                                   60 East 42nd Street, Suite 4510
                                                   New York, New York 10165
                                                   (212) 317-1200
                                                   *Attorneys for Plaintiffs*

Plaintiff Paulino Espinobarros, by his attorneys Michael Faillace & Associates, P.C., submit this memorandum of law in support of his motion *in limine* to preclude any discussion by Defendants' attorney or Defendants of this Court's decision in an unrelated action, *Marcellino v. 374 Food, Inc.,* Index No. 16-cv-6287 (KPF) ("the *Marcellino* Action").

In conference before the Court, and in conversation with Plaintiff's attorney about this case, Defendants' attorney has alluded repeatedly to this Court's decision in the *Marcellino* Action. The *Marcellino* Action was an FLSA action tried in a bench trial tried by attorneys from Plaintiff's attorneys' firm, but not the same attorney as will be trying this action. The *Marcellino* Action was tried before the same judge who will presiding over this jury trial. It involved parties who had no connection to any party in this action. In the *Marcellino* Action the Court found after a bench trial that the plaintiff was not credible (and found he committed perjury) concerning the duration of his employment for Defendants.

Because Defendants' attorney has alluded to the *Marcellino* Action repeatedly in the course of this litigation, Espinobarros is concerned that Defendants' attorney or Defendants will refer to the *Marcellino* Action at trial. Any such reference would be entirely inappropriate.

The *Marcellino* Action is not relevant in any way to this action, and any reference to it before the jury would be highly prejudicial. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."   F.R.E. 401.  "Irrelevant evidence is not admissible. F.R.E. 402.  Moreover, the Court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury . . ." F.R.E. 403.

This Court's findings in the *Marcellino* Action have no tendency to make a fact of any consequence in this action more or less probable.  The only purpose Defendants or their attorney would have in alluding to the *Marcellino* Action in this action would be to suggest to the jury that just as the Court found the plaintiff in the *Marcellino* Action committed perjury concerning the dates he worked, so to the plaintiff in this case — another FLSA action brought by the same firm and before the same judge — will give false testimony about his duration of employment.  Any such implication would be absurd, highly prejudicial, would potentially confuse and mislead the jury, and severely threaten Espinobarros's rights to a fair trial on his claims.

Accordingly, Espinobarros respectfully requests that the Court preclude Defendants or Defendants' attorney from alluding in any way to the *Marcellino* Action before the jury in this action.

## **CONCLUSION**

Wherefore, it is respectfully requested that the Court preclude Defendants or Defendants' attorney from alluding in any way to the *Marcellino* Action before the jury in this action

Dated: New York, New York
       June 25, 2018

                                                MICHAEL FAILLACE & ASSOCIATES, P.C.
                                                *Attorneys for Plaintiff*

                                                By:     /s/ Joshua S. Androphy
                                                Joshua S. Androphy
                                                60 East 42nd Street, Suite 4510
                                                New York, New York 10022
                                                (212) 317-1200