```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
PAULINO ESPINOBARROS, a/k/a "Pablo,"                  :
                                                      :
                        Plaintiff,                    :
                                                      :
            v.                                        :   17 Civ. 5587 (KPF)
                                                      :
FIRST & FIRST FINEST DELI CORP.                       :
(d/b/a FIRST & FIRST FINEST DELI),                    :
FOOD U DESIRE 3, CORP. (d/b/a FIRST &                 :
FIRST FINEST DELI), ABU MUBAREZ, and                  :
OTHMAN MUBAREZ,                                       :
                                                      :
                        Defendants.                   :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/18

# VERDICT FORM

July 25, 2018

**A.  Plaintiff's Employers and Dates of Employment**

1. Has the Plaintiff, Paulino Espinobarros, proved by a preponderance of the evidence that he worked for Defendant First & First Finest Deli Corp. (doing business as First & First Finest Deli) for one or more of the following years?

   a. 2014
      YES ✓   NO ___
      If yes, for what months of that year? __May – Dec. 14__

   b. 2015
      YES ✓   NO ___
      If yes, for what months of that year? __Jan – Dec 15__

   c. 2016
      YES ✓   NO ___
      If yes, for what months of that year? __Jan – Dec 16__

2. Has the Plaintiff, Paulino Espinobarros, proved by a preponderance of the evidence that he worked for Defendant Food U Desire 3 Corp. (doing business as First & First Finest Deli) for one or more of the following years?

   a. 2016
      YES ✓   NO ___
      If yes, for what months of that year? __Jan – Dec 16__

   b. 2017
      YES ✓   NO ___
      If yes, for what months of that year? __Jan – July 17__

1

3. Has the Plaintiff, Paulino Espinobarros, proved by a preponderance of the evidence that Food U Desire 3 Corp. would be liable to him for any violations of the FLSA or the NYLL committed by First & First Finest Deli Corp. as a successor to that entity, under the law as I have instructed you?

YES √   NO ___

4. Has the Plaintiff, Paulino Espinobarros, proved by a preponderance of the evidence that Defendant Abu Mubarez was his employer under the FLSA and the NYLL during part or all of the relevant time period?

YES √   NO ___

If yes, for what period of time? 8/13/2015 — ~~Present~~ July 2017 *TILL PLAINTIFF TERMINATED*

5. Has the Plaintiff, Paulino Espinobarros, proved by a preponderance of the evidence that Defendant Othman Mubarez was his employer under the FLSA and the NYLL during part or all of the relevant time period?

YES √   NO ___

If yes, for what period of time? ALL OF 2016 — TILL PLAINTIFF TERMINATION JULY 2017

**B.   Plaintiff's Time Worked**

6. <u>Hours Per Day</u>: For those years in which you found that Plaintiff was employed at the business known as First & First Finest Deli, how many hours, on average, did Plaintiff work each work day? If the average number of hours worked per day changed in a given year, please note when that figure changed and what it changed to:

2

    a.    2014 _12 hours per day_
    b.    2015 _12 hours per day_
    c.    2016 _12 hours per day_
    d.    2017 _12 hours per day_

7. <u>Days Per Week</u>: For those years in which you found that Plaintiff was employed at the business known as First & First Finest Deli, how many days, on average, did Plaintiff work each work week? If the average number of days per week changed in a given year, please note when that figure changed and what it changed to:

    a.    2014 _6 days per week_
    b.    2015 _6 days per week_
    c.    2016 _6 days per (7 days × 2 months)_
    d.    2017 _6 days until termination_

8. <u>Hours Per Work Week</u>: For those years in which you found that Plaintiff was employed at the business known as First & First Finest Deli, please calculate the average number of hours that Plaintiff worked each week by multiplying the average number of hours worked per day by the average number of days worked per week. If either the number of hours worked per day or the number of days worked per week changed in the course of a given year, please note when and what was the resulting average number of hours in each work week:

    a.    2014 _72 hours per week_
    b.    2015 _72 hours per week_
    c.    2016 _72 hours per week (84 hours for 8 weeks)_
                                 _78 hours for 3 weeks_

3

d. 2017 ___72 hours until termination___

9. <u>Pay Per Work Week Other Than Usual Pay</u>: The parties have stipulated that Plaintiff received a usual week salary of $550. For those years in which you found that Plaintiff was employed at the business known as First & First Finest Deli, were there any time periods when Plaintiff received a salary that was something other than $550 per week?

YES _✓_ NO ___

If yes, please identify what period or periods of time that Plaintiff received this salary, and what was the different salary or salaries?

a. 2014 ___N/A___
b. 2015 ___N/A___
c. 2016 ___650 ~~for two~~ a week for two months.___
d. ~~2017~~ 2016 ___600 a week for three weeks.___

**C. Plaintiff's Overtime Claims Under the FLSA**

10. The parties have stipulated that Plaintiff's FLSA claims pertain only to the year 2016, and that during that year, Plaintiff was paid a usual weekly salary of $550. As I instructed you, under the FLSA, there is a presumption that a weekly salary is intended to cover a 40-hour work week, but an employer can rebut this presumption by showing that the employer and the employee explicitly agreed that the weekly salary would cover a different number of hours.

Based on the evidence at trial and my instructions on the law, did the parties explicitly agree that Plaintiff's usual salary would cover more than the presumptive 40 hours?

YES _____   NO __✓__

If yes, how many hours did the parties agree Plaintiff's weekly salary would cover? _____

Dividing $550 by the number of hours that Plaintiff's weekly salary would cover, what do you determine to be Plaintiff's regular (that is, not overtime) hourly rate of pay under the FLSA? _____

Multiplying that figure by 1.5, what do you determine to be Plaintiff's overtime hourly rate of pay under the FLSA? _____

11.  If you answered yes to Question 9, please answer these additional questions. For any period of time in 2016 in which Plaintiff received a salary that was something other than $550 per week, what were the number of hours that the parties intended that salary to cover? __7 day schedule - 84 hours (8 weeks)__
__6.5 day schedule - 78 hours (3 weeks)__

Dividing each of those other salaries by the number of hours that the salary was intended to cover, what do you determine to be Plaintiff's regular (that is, not overtime) hourly rate of pay under the FLSA for that period or those periods of time in 2016? __40 hours   $650 - $16.25 hr__
__$600 - $15. hr__

Multiplying those figures by 1.5, what do you determine to be Plaintiff's overtime hourly rate of pay under the FLSA for that period or those periods of time in 2016? __44 hrs @ 650 - OVERTIME $24.38 hr__
__38 hours @ 600 - OVERTIME $22.50 hr__
__32 hours @ 550 - OVERTIME $20.63 hr__
__40 hour work week__

5

12. Has the Plaintiff, Paulino Espinobarros, proved, by a preponderance of the evidence, that he worked hours in excess of 40 in one or more work weeks in 2016 for which he did not receive overtime pay, in violation of the FLSA?
YES ✓   NO ___

**D.   Plaintiff's Overtime Claims Under the NYLL**

13. The parties have stipulated that Plaintiff was paid a usual weekly salary of $550. As I instructed you, under the NYLL, where an employer pays a weekly salary, the employee's regular hourly rate of pay shall be calculated by dividing the employee's weekly salary by the <u>lesser</u> of 40 hours or the actual number of hours worked by that employee during the work week.

Based on the evidence at trial and my instructions on the law, what do you determine to be Plaintiff's regular hourly rate of pay under the NYLL? $13.75

Multiplying that figure by 1.5, what do you determine to be Plaintiff's overtime hourly rate of pay under the NYLL? $20.625

14. If you answered yes to Question 9, please answer these additional questions. For those periods of time in which Plaintiff received a salary that was something other than $550 per week, what were the number of hours that the parties intended that salary to cover?

    a.    2014   N/A
    b.    2015   N/A
    c.    2016   84 hours - 8 weeks    78 hours - 3 weeks
    d.    ~~2017~~ 2016   72 - REGULAR HOURS (weekly)

6

Dividing each of those other salaries by the <u>lesser</u> of 40 hours or the actual number of hours worked by that employee during the work week, what do you determine to be Plaintiff's regular (that is, not overtime) hourly rate of pay under the NYLL for that period or those periods of time?   40 hour work week

a.   2014  ~~40~~  $13.75 — 72 hours
b.   2015  ~~40~~  $13.75 — 72 hours
c.   2016  72 hours — $13.75/hr  78 hours — $15/hr  84 — $16.25
d.   2017  $13.75 — 72 hour

Multiplying that figure by 1.5, what do you determine to be Plaintiff's overtime hourly rate of pay under the NYLL for that period or those periods of time?

a.   2014 _____
b.   2015 _____
c.   2016  44 hrs — $24.38/hr / 38 hrs — 22.50/hr / 32 hours — $20.63/hr
d.   2017 _____

15.  Has the Plaintiff, Paulino Espinobarros, proved, by a preponderance of the evidence, that he worked hours in excess of 40 each week for which he did not receive overtime pay, in violation of the NYLL?

YES ✓    NO ____

7

### E. Plaintiff's Spread of Hours Claim Under the NYLL

16. Has the Plaintiff, Paulino Espinobarros, proved, by a preponderance of the evidence, that the spread of hours from the time that he commenced work until the time he finished work exceeded 10 hours on any given day, at any time during his employment?

YES ✓  NO ___

### F. Plaintiff's Claim for Misappropriated Gratuities Under the NYLL

17. Has the Plaintiff, Paulino Espinobarros, proved, by a preponderance of the evidence, that Defendants misappropriated gratuities intended for him?

YES ✓  NO ___ *unable to calculate amount*

For those years in which you found that Plaintiff was employed at the First & First Finest Deli, please calculate the amount of gratuities that were misappropriated from Plaintiff during each year, if any.

 a. 2014 _____
 b. 2015 _____
 c. 2016 _____
 d. 2017 _____

### G. Willfulness

18. If you found that the Plaintiff, Paulino Espinobarros, has proved, by a preponderance of the evidence, that the Defendants that you found to be his employers violated any of the provisions of the FLSA, do you find that those violations were willful, as I have instructed you on that term?

YES ✓  NO ___

8

Your deliberations are finished. This form should be signed, dated, and given to the Marshal.

1. _____
    Foreperson

2. _____
    Juror

3. _____
    Juror

4. ___Teresa Romoni___
    Juror

5. ___Marcella Joh___ (NEW FOREPERSON)
    Juror

6. _____
    Juror

7. _____
    Juror

8. _____
    Juror