UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAULINO ESPINOBARROS (A.K.A PABLO),

                  *Plaintiff*,

-against-

FIRST & FIRST FINEST DELI CORP. (d/b/a FIRST & FIRST FINEST DELI), FOOD U DESIRE 3, CORP. (d/b/a FIRST AND FIRST FINEST DELI), ADEEB GHANA, ABU MUBAREZ, OTHMAN MUBAREZ, and YOUNES MUBAREZ

                  *Defendants*.

17-cv-5587 (KPF)

## PLAINTIFF ESPINOBARROS'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR A NEW TRIAL

            MICHAEL FAILLACE & ASSOCIATES, P.C.
            Joshua S. Androphy
            60 East 42nd Street, Suite 4510
            New York, New York 10165
            (212) 317-1200
            *Attorneys for Plaintiffs*

Plaintiff, by his attorneys Michael Faillace & Associates, P.C., submit this memorandum of law in opposition to defendants' motion for a new trial.

## I. THE COURT SHOULD NOT GRANT A NEW TRIAL

### A. The Standard of Review

The Federal Rules of Civil Procedure provide that the Court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59. "This rule authorizes the Court 'to grant a new trial based on the weight of the evidence only if it determines that the jury's verdict was seriously erroneous . . . or a miscarriage of justice . . . .'" *Perez v. Progenics Pharms., Inc.*, 10-cv-8278 (LAP), 2016 U.S. Dist. LEXIS 116411, *53-*54 (S.D.N.Y. Aug. 30, 2016) (quoting *Elyse v. Bridgeside Inc.*, 367 F. App'x 266, 268 (2d Cir. 2010)). "The Court 'should only grant such a motion when the jury's verdict is egregious . . . and should rarely disturb a jury's evaluation of a witness's credibility.'" *Id.*, 2016 U.S. Dist. LEXIS 116411, at *54 (quoting *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F. 3d 124, 134 (2d Cir. 1998)).

"In making its determination . . . the court must refrain from invading the province of the jury to evaluate the credibility of the witnesses." *Elyse v. Bridgeside Inc.*, 367 F. App'x 266, 268 (2d Cir. 2010)). Because courts must "accord a 'high degree of deference' to the 'jury's evaluation of witnesses credibility, . . . jury verdicts should be disturbed with great infrequency.'" *Christensen v. County of Dutchess*, 548 Fed. Appx. 651, 653 (2d Cir. 2016) (quoting *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418-19 (2d Cir. 2012)).

### B. Defendants Should Not be Granted a New Trial

Defendants' motion for a new trial should be denied because it is entirely without basis under Rule 59. Rather than arguing that the jury egregiously misevaluated the evidence and the

credibility of witnesses who testified at trial, Defendants' motion is based entirely on affidavit testimony that Defendants did not present at trial. Furthermore, Defendants admit that the witnesses who did not testify at trial were known to Defendants at the time of the trial. Defendants claim that "Defendants' previous attorney failed to call more than one witness despite having been told that ten or more individuals could testify that Mr. Espinobarros only worked for the Defendants for a short period of time." (Sehwail Dec. ¶6) Rule 59 does not give parties a chance to ask for a do-over of a trial because they want to attempt a new trial strategy. Defendants' motion for a new trial is wholly without basis in law and should be denied.

Defendants cite no authority for their position that they are entitled to a new trial based on their decision not to present additional witnesses at trial who they were aware of before trial. There does not appear to be any authority or precedent that would allow such a second chance at trial. "Certainly, a trial court should not grant a new trial simply because, like the proverbial second bite at the apple, the losing party believes it can present a better case if afforded another chance." *LiButti v. United States*, 178 F.3d 114, 118-119 (2d Cir. 1999).

The closest actual basis for a new trial to what Defendants' are seeking is a new trial based on newly discovered evidence. To obtain a new trial based on new evidence, however, the evidence must actually be "new." *See White v. Bowen*, 835 F.2d 974, 979 (2d Cir. 1987) (affirming denial of motion for new trial based on alleged "new evidence" when evidence was available before decision on the merits). Here, Defendants acknowledge that they do not have new evidence, only evidence they chose not to present at trial. This is simply not a basis for a new trial. The Court should not pay any attention to affidavits submitted by Defendants from witnesses who could have been called at trial, but by Defendants' own choosing were not.

To the extent the Court even considers the affidavits the Defendants have submitted, the affidavits appear on their face to be false.  Each affidavit is essentially identical as far as it relates to Espinobarros's employment, stating in identical language that plaintiff Espinobarros worked only for the three months from January 2016 to April 2016, and that he was fired because he often came late to work, did not perform his duties, and appeared to be intoxicated.  (*See* Hamid Aff. ¶¶4-6; Alawgari Aff. ¶¶ 5-7; Adel Aff. ¶¶5-7; Othman Mobarez Aff.. ¶¶5-7; Younes Mobarez Aff. ¶¶4-6)  But at least two of the affidavits are demonstrably false, as the affiants did not work for First and First Finest Deli from January to April 2016.  Mohamed Alawgari states that he began working at the deli in October 2016; he cannot possibly have any knowledge that Espinobarros worked at the deli from January to April 2016.  (Alawgari Aff.)  Muad Adel states the he stopped working in January 2016; he cannot possibly have personal knowledge that Espinobarros worked from January to April 2016.  (Adel Aff.)

Othman Mobarez also claims in his affidavit that Paulino Espinobarros worked from January to April 2016.  (Othman Mobarez Aff. ¶¶5-7)  Yet in his trial testimony,[1] Othman Mobarez testified that he did not know of an employee named Paulino Espinobarros, or anyone with a similar name.  (Trial Tr. 134:16-21, 138:19-25)

Othman Mobarez also testified that the only people who worked at First & First Finest Deli in 2016 were himself, Abu Mubarez, and Adeeb Ghana.  (Trial Tr. 128:3-21)

The presentation of affidavits from purported witnesses who could have been, but were not, called at trial, is no basis to upset the jury's verdict in any circumstance.  But especially here where the affidavits are internally inconsistent and contradict the trial testimony of the party

---

[1] Othman Mobarez was unavailable at trial and his deposition testimony was read to the jury.

3

offering them, there is no basis to allow Defendants a second bite at the apple. Defendants' motion should be swiftly denied.

## Conclusion

Based on the foregoing, the Court should deny Defendants' motion, and enter judgment in favor of Plaintiff against Defendants.


Dated: New York, New York
October 4, 2018

                                      MICHAEL FAILLACE & ASSOCIATES, P.C.
                                      *Attorneys for Plaintiffs*

                                            By: ___/s/ Joshua S. Androphy _
                                            Joshua S. Androphy
                                            60 East 42nd Street, Suite 4510
                                            New York, New York 10022
                                            (212) 317-1200