UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

| | |
|---|---|
| PAULINO ESPINOBARROS (A.K.A. PABLO), | ECF CASE |
| *Plaintiff*, | 17-CV-5587 (KPF) |
| -against- | |
| FIRST & FIRST FINEST DELI CORP. (d/b/a FIRST & FINEST DELI), FOOD U DESIRE 3, CORP. (d/b/a FIRST AND FIRST FINEST DELI), ADEEB GHANA, ABU MUBAREZ, OTHMAN MUBAREZ, and YOUNES MUBAREZ | **DECLARATION OF MARWAN F. SEHWAIL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A NEW TRIAL PURSUANT TO F.R.C.P. 59** |
| *Defendants*. | Hon. Katherine Polk Failla |

-------------------------------------------------------X

**MARWAN F. SEHWAIL**, an attorney admitted to practice law before the U.S. District Court of the Southern District of New York, affirms the following under the penalty of perjury:

1. I am an associate of Muchmore & Associates PLLC, newly retained counsel for defendants First & Finest Deli Corp., Food U Desire 3, Corp., Abu Mubarez, Adeeb Ghana, Othman Mubarez, and Younes Mubarez (the "Defendants"). I submit this declaration in support of the Defendants' Motion for a New Trial Pursuant to Federal Rule of Civil Procedure 59 on the limited issue of plaintiff Paulino Espinobarros ("Plaintiff")'s duration of employment.

2. Defendants are the owners and employees of the First & Finest Deli (the "Deli") located at 18 1st Avenue, New York, New York. The Deli is a small business selling non-alcoholic beverages and food in the East Village of Manhattan.

3. Plaintiff was employed by the Defendants to work in the Deli as a delivery person. Plaintiff was paid $550 per week for his duties and also earned tips for his deliveries.

4. In July 2017, Plaintiff filed a complaint (the "Complaint") alleging that he was denied overtime pay. In his Complaint, Plaintiff alleged that he worked at the Deli from approximately May 2014 to July 2017.

5. The basis for Defendants' motion is overwhelming evidence contradicting the Plaintiff's testimony that he worked for the Defendants for almost three years. Corroborating the testimony given by the Defendants' witness at trial, the attached affidavits of six fact witnesses with personal knowledge establish that Mr. Espinobarros only worked for the Defendants for approximately three months.

6. This evidence was not presented to the jury at trial because the Defendants' previous attorney failed to call more than one witness despite having been told that ten or more individuals could testify that Mr. Espinobarros only worked for the Defendants for a short period of time.

7. Accordingly, the Defendants seek a new trial on the limited issue of the duration of the Plaintiff's employment. Federal Rule of Civil Procedure 59 provides that a Court may order a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."

8. A new trial is appropriate where "the jury has reached a seriously erroneous result or its verdict is a miscarriage of justice". *Nimely v. City of N.Y.*, 414 F.3d 381, 392 (2d Cir. 2005).

9. "Unlike judgment as a matter of law, a new trial may be granted even if there is substantial evidence supporting the jury's verdict. Moreover, a trial judge is free to weigh the

evidence himself, and need not view it in the light most favorable to the verdict winner." *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998).

10. Federal Courts in New York have previously granted post judgment relief for defendants in employment matters on similar fact issues. *See Brewster v. City of Poughkeepsie*, 447 F. Supp.2d 342, 357 (S.D.N.Y. 2006) (granting relief for defendant in employment discrimination matter under Rule 50(b) and stating that relief would have been granted under defendant's alternative Rule 59(a) motion).

11. In their Answer, the Defendants denied that Plaintiff had worked for the three year period claimed in the Complaint. When the case went to trial in July 2018, defendant Abu Mobarez testified that Plaintiff had only worked at the Deli for approximately three months. Mr. Mobarez testified that the Plaintiff's employment had been terminated in a short time because the Plaintiff was irresponsible in carrying out his duties, reporting late for shifts and appearing to be intoxicated on many occasions.

12. Plaintiff's previous counsel, Joseph Giaramita, did not call any witness other than Abu Mobarez to testify on behalf of the Defendants despite the fact that several others, including the named defendants and other employees of the Deli, could testify under oath that Plaintiff did not work for the Deli for the period of time alleged in the Complaint.

13. Other than Espinobarros' self-serving testimony, no evidence was presented that he worked for the deli for the approximately three-year period claimed. Mr. Espinobarros did not produce any evidence of pay, timesheets, communications with his employer or even corroborating testimony from another employee or patron of the store.

14. Attached to this Declaration as Exhibits "A" through "D" are true and correct copies of the affidavits of Abu Mobarez, Anwer Hamid, Mohamed Alawgari and Younes Mubarez. Each of these individuals worked for the Deli and has personal knowledge of the length of time that Plaintiff was employed. Each of these individuals have indicated that they are ready to testify in a new trial.

15. Attached to this Declaration as Exhibits "E" and "F" are the affidavits of Muad Adel and Othman Mubarez. Adel and O. Mubarez also have personal knowledge of the length of Plaintiff's employment. Adel and O. Mubarez are presently living in Yemen, a country suffering from a devastating civil war. As a result, U.S. embassies and consulates throughout the country are closed and Adel and O. Mubarez were unable to obtain U.S. notaries. However, their signatures have been certified using the Yemeni equivalent of a notary, and both individuals are willing to testify via video conference if allowed by the Court.

16. In addition to the attached affidavits, at least four other witnesses, Kareem Mobarez, Christen Ortiz, Erika Guerrero, and Valentino Fuentes have personal knowledge on this issue and could testify at trial, but the Defendants were unable to obtain affidavits from them within the time for filing this motion.

17. It would be a miscarriage of justice for the Defendants' to be found liable for hundreds of thousands of dollars, putting their business and livelihood at risk, solely on the basis of self-serving testimony of one plaintiff unsupported by documentation, when sworn testimony refuting it from at least six witnesses exists. A jury should have the opportunity to assess the credibility of the affiants who have committed to testifying in open court.

18. Federal law allows the Court to weigh the evidence on its own when considering whether or not to order a new trial. *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998). Given the lack of evidence that Mr. Espinobarros worked for the period of time he alleges, and the sworn statements contradicting his assertions, the Court may order a new trial in order to more accurately ascertain how long he worked for the Deli. Doing so would further the interests of justice without opening up the entire case to be retried.

19. In the interests of judicial economy and fairness to Plaintiff's counsel and the Court, Defendants only request a retrial of this one limited fact issue. While the Defendants dispute the jury's findings as to other fact issues, a retrial on this limited issue would fairly balance preservation of judicial resources with avoidance of a miscarriage of justice.

20. WHEREFORE, the Defendants respectfully request that the Court grant a new trial on the issue of Plaintiff's duration of employment with the Defendants.

Dated: Brooklyn, New York
September 19, 2018

**MUCHMORE & ASSOCIATES PLLC**
*Counsel for the Defendants*

/s Marwan F. Sehwail
Marwan F. Sehwail
217 Havemeyer, 4th Floor
Brooklyn, NY 11211
(917) 932-0299